**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Robert O., ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | Case No. 3:21-cv-50294 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Leland Dudek, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
|     *Defendant*. ) | |

**MEMORANDUM OPINION AND ORDER**

    Robert O. ("Plaintiff") brings this action under 42 U.S.C. § 405(g) seeking a sentence six remand of the decision denying his application for period of disability and disability insurance benefits.[2] For the reasons set forth below, the Commissioner's decision is affirmed.

**BACKGROUND**

    **A.  Procedural Background**

    In August 2017, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging a disability beginning on July 18, 2016, because of back and leg pain. R. 72. Plaintiff's date last insured under the Social Security Act was December 31, 2021. R. 63. In October 2017, Plaintiff's application was denied initially and then again upon reconsideration in March 2018. R. 71, 81. On Plaintiff's request, Administrative Law Judge ("ALJ") Bretthauer held a hearing on March 5, 2020, where Plaintiff and an impartial vocational expert ("VE") appeared and testified. R. 23. Plaintiff was not represented by counsel at this hearing. On April 1, 2020, ALJ Bretthauer issued her decision denying benefits. R. 11-18. On May 25, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1-2. Plaintiff now seeks judicial review, requesting remand pursuant to sentence six of 42 U.S.C. § 405(g). Dkt. 24. Now before the Court are Plaintiff's motion for summary judgment [Dkt. 24] and the Defendant's motion for summary judgment and response to Plaintiff's motion for summary judgment [Dkt. 32].

    **B.  ALJ's Opinion**

    In her ruling, ALJ Bretthauer applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4).

---

[1] Leland Dudek is substituted for Martin O'Malley pursuant to Federal Rule of Civil Procedure 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 4.

1

During this process, the ALJ found that Plaintiff had the severe impairments of obesity, degenerative disc disease of thoracic and lumbar spine, and right-sided peroneal neuropathy. R. 14. To determine Plaintiff's residual functional capacity ("RFC"), the ALJ evaluated the evidence of record including Plaintiff's reported symptoms, the medical evidence which included treatment records from July 2016 through January 2020, medical opinions, and prior administrative findings. The ALJ explained that Plaintiff's reports were not entirely consistent with the record evidence. R.15. In coming to this conclusion, the ALJ pointed to the mild results of Plaintiff's imaging, his testimony that seeing a chiropractor was alleviating his symptoms, and his provider's decision to deny opiate pain relievers and surgery due to the lack of abnormal findings on his imaging. R. 15-16. The ALJ also found the state agency reviewing physicians' opinions to be persuasive because they were supported and consistent with the record. R. 16. However, the ALJ "assigned additional limitations regarding the use of the claimant's right leg and postural activities to accommodate the claimant's additional allegations." R. 16. The ALJ determined that Plaintiff had the RFC to perform light work except he can perform frequent, but not constant, movements of the right lower extremity and can only occasionally crawl and climb ladders, ropes, and scaffolds. R. 14. Ultimately, the ALJ found that, despite these restrictions, jobs existed in significant numbers in the national economy that Plaintiff could perform and thus, Plaintiff was not disabled. R. 17.

### C. Medical Evidence

#### 1. Records prior to the ALJ's decision

Evidence of Plaintiff's treatment from July 2016 through January 2020 was made available for the ALJ to consider when making her decision. R. 241-510. This treatment record included records from his July 2016 visit to the Centegra Emergency Department where his chief complaint was back pain. R. 244-46. He appeared to be in pain but had "no apparent trauma" and was discharged after receiving pain relievers. R. 245. From then on, Plaintiff saw several specialists and completed physical therapy throughout the relevant time period. Plaintiff originally stopped physical therapy due to "financial issues with self-pay" and then later, was discharged to continue with his home exercise plan only. R. 276, 468. Throughout this time and up until the hearing before the ALJ, Plaintiff was continually prescribed pain relievers and muscle relaxants on an as needed basis. R. 302, 306, 308, 313, 318, 322, 466, 495, 506. He was not, however, "a surgical candidate" or "a candidate for opiates" due to a lack of abnormal findings from imaging or examinations. R. 398.

Plaintiff had imaging and other testing done on several occasions. In November 2016, Plaintiff had an MRI of his lumbar spine, which showed "mild disc bulging . . . and bilateral foraminal stenosis." R. 339, 390. In reliance on this imaging, Dr. Dave, a pain management specialist, explained that Plaintiff was "not a surgical candidate" but did give him epidural steroid injections in June and July of 2017. R. 339, 346, 363. In July 2017, he had an x-ray, as ordered by Dr. Shanchuk, his primary care physician, that produced an "[u]nremarkable evaluation" of his left leg and evidence of a healed fracture of the right fibula. R. 328. In August 2017, Dr. Lavaccare, a neurologist, conducted a nerve conduction study and an electromyography, which he found to be "an abnormal study" showing "evidence of moderate chronic right peroneal neuropathy" and "mild chronic right low lumbar radiculopathy." R. 389. In December 2017, Plaintiff had another MRI which was "negative for spinal stenosis or neuroforaminal narrowing." R. 398.

**2. Proposed new evidence**

Now, Plaintiff has requested that this Court remand the case to the Commissioner to consider new evidence from September 2020 through April 2021. Dkts. 24-1, 24-2. This new evidence includes a hip x-ray taken on September 14, 2020, that showed "end-stage osteoarthritis" in his right hip. Dkt. 24-2, at 1. This x-ray resulted in Dr. Flanagan, Plaintiff's orthopedic surgeon, recommending a total hip replacement for Plaintiff and ultimately performing one on December 1, 2020. Dkt. 24-1, at 150-151, 97-99. The record also includes evidence of a cortisone shot for his hip in September 2020, as well as ongoing physical therapy from January through March 2021. Dkt. 24-2, at 14; Dkt. 24-1, at 6-71.

**STANDARD OF REVIEW**

The exclusive methods by which a district court may remand a social security case are set forth in sentence four and sentence six of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 303 n.6 (1993). Under sentence four, the reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted); *see also Warnell*, 97 F.4th at 1054. Under sentence four, the district court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted).

Conversely, under sentence six, the district court does not rule on the merits but rather remands to allow the Social Security Administration to consider new evidence. *Richmond v. Chater*, 94 F.3d 263, 268 (7th Cir. 1996); *Young v. Sullivan*, 972 F.2d 830, 833-34 (7th Cir. 1992). A sentence six remand is permitted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

**DISCUSSION**

Plaintiff moves this Court to reverse the Commissioner's final decision by way of sentence six of 42 U.S.C. § 405(g). Thus, Plaintiff is not contesting the merits of the ALJ's decision. Instead, he relies solely on sentence six, which provides in pertinent part that the district court may:

> order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there

> is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). Consistent with this language, the Supreme Court has explained that a remand under sentence six is "appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).

As a preliminary matter, the Court notes that the Commissioner makes several arguments relating to the sufficiency of the analysis and evidence relied on by the ALJ to argue that a remand is not required. Here though, the Court is not evaluating the "correctness" of the ALJ's decision. *Richmond*, 94 F.3d at 269 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)). Instead, a sentence six remand asks if new evidence has been presented that could reasonably change the ALJ's ultimate conclusion. *Id.* at 268. Despite this, the Commissioner argues that the ALJ's decision was supported by substantial evidence and that this Court cannot reweigh the evidence. Def.'s Resp. at 3, Dkt. 32. In support, the Commissioner cites the requirement that this Court must affirm an ALJ's opinion with "less than ideal clarity if the agency's path may reasonably be discerned." *Id.* (citing *Garland v. Dai*, 593 U.S. 357, 369 (2021)). However, an ALJ's opinion can be supported by substantial evidence and still require a remand when new, material evidence is put forth. *See Young*, 972 F.2d at 834 (A sentence six remand "does not rule in any way as to the correctness of the administrative determination. Rather the court remands because new [material] evidence has come to light." (citing *Melkonyan*, 501 U.S. at 98)). Thus, the only question here is whether a remand is required for the ALJ to consider new, material evidence.

Plaintiff argues that a sentence six remand is required because his evidence is new and material to the ALJ's determination. Specifically, Plaintiff argues that "[h]ad the ALJ reviewed the [September 2020 x-ray] of Plaintiff's right hip, there is a reasonable probability that she would have reached a different RFC assessment." Pl.'s Br. at 7, Dkt. 24. To be entitled to a sentence six remand, Plaintiff must show the following: (1) the evidence is new; (2) the evidence is material; and (3) he had good cause for failing to present the evidence into the record in a prior proceeding. *See Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). Plaintiff has the burden of proving each of these elements to show that a remand is appropriate under sentence six. *Spann v. Berryhill*, No. 2:16-CV-380-PRC, 2017 WL 3446675, at *6 (N.D. Ind. Aug. 11, 2017) (citing *Jens v. Barnhart*, 347 F.3d 209, 214 (7th Cir. 2003)).

Here, the evidence Plaintiff has submitted satisfies the new requirement. Evidence is new if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Perkins*, 107 F.3d at 1296 (citing *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993)). The Commissioner does not contest that this evidence is new, and the Court agrees. Def.'s Resp. at 4, Dkt. 32. The evidence includes records spanning from September 2020 to April 2021, and the ALJ's opinion was issued on April 1, 2020. Thus, the evidence was not available until after the ALJ issued her opinion.

As for good cause, Plaintiff makes no attempt to argue that he had good cause for failing to present this evidence earlier. *See* Pl.'s Br., Dkt. 24. In response, the Commissioner draws attention to the fact that this evidence was not presented to the Appeals Council, even though it existed while proceedings were pending before the Appeals Council. Def.'s Resp. at 3–4, Dkt. 32.

4

Plaintiff failed to file a reply in this case, and therefore, provides no justification for failing to bring the evidence to the Appeals Council. To reiterate, the new evidence spans from September 14, 2020, through April 5, 2021. Dkt. 24-1; Dkt. 24-2. The Appeals Council, however, did not issue its decision until May 25, 2021. R. 1. Thus, the evidence was available before the Appeals Council issued its decision. "Nothing in the record indicates that [the plaintiff] was insufficiently informed in procedural matters to make a supplemental submission to the Appeals Council." *Waite v. Bowen*, 819 F.2d 1356, 1361 (7th Cir. 1987). As Plaintiff has not offered any reason for his delay, "he has failed to meet his burden of showing good cause for failure to incorporate the evidence into the record." *Id.* at 1361-62.

The Court also finds that the new evidence is not material. Evidence is material when it creates "a reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered." *Perkins*, 107 F.3d at 1296 (internal quotation marks omitted). To have any impact on the ALJ's opinion, new evidence must "speak[] to the patient's condition at or before the time of the administrative hearing." *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008); *see also Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) ("[E]vidence is material only to the extent that it could have affected the outcome of the ALJ's decision."). Plaintiff, in his brief two-page argument, suggests that the new evidence is material because the ALJ distrusted Plaintiff's reports of his symptoms and "assign[ed] great weight to imaging studies," implying that the hip x-ray likely would have led the ALJ to a different RFC determination. Pl.'s Br. at 6-7, Dkt. 24. Conversely, the Commissioner suggests that this new evidence "might represent a deterioration in [P]laintiff's condition" and does not speak to his condition at the time of the ALJ's opinion. Def.'s Resp. at 5, Dkt. 32. Plaintiff did not address whether this evidence speaks to his condition during the relevant time period in his opening brief and failed to file a reply. As such, the Court has no alternative argument to evaluate and, after a thorough review of the record, agrees with the Commissioner.

Evidence of new or worsened impairments cannot be considered in this appeal. *Compare Schmidt*, 395 F.3d at 742 (finding evidence documenting claimant's condition after the ALJ's opinion was not material), *and Greenwell v. Saul*, 811 F. App'x 368, 370 (7th Cir. 2020) (unpublished) (refusing to consider evidence of worsening or new impairments), *with Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012) (finding evidence to be material when it explicitly related to the relevant period). Here, Plaintiff's treatment notes from September 25, 2020, reported that Plaintiff was establishing care for "gradually increasing right hip pain." Dkt. 24-2, at 7. Additionally, Plaintiff's surgeon recommended that Plaintiff undergo a total hip replacement only after reviewing the x-ray of Plaintiff's hip, which was not taken until after the ALJ's decision. Dkt. 24-1, at 150-152. Plaintiff's other treatments, including cortisone steroid injections and physical therapy, were also recommended as a result of the September 2020 x-ray and subsequent surgery. Dkt. 24-2, at 14 (injection was indicated by end-stage osteoarthritis which was found on the September 2020 x-ray); Dkt. 24-1, at 71 (physical therapy was indicated because of Plaintiff's "status post right hip replacement"). Since these new records appear to relate to Plaintiff's condition at the time he received this care, over five months after the ALJ's opinion, and without further support, Plaintiff has not shown that it speaks to "his condition at the time his application was under consideration" as required to be considered material. *Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1989).

  Therefore, the Court finds that Plaintiff has not met his burden for a sentence six remand under 42 U.S.C. § 405(g).

## CONCLUSION

  For the foregoing reasons, Plaintiff's motion for summary judgment [24] is denied, and the Commissioner's motion for summary judgment [32] is granted. The Commissioner's decision is affirmed. Final judgment will be entered accordingly.

Date: March 19, 2025           Enter: *Margaret J. Schneider*
                    Margaret J. Schneider
                    United States Magistrate Judge